UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.4)
Eastern Division

GT LLC

    Plaintiff,

v.

Case No.: 1:25−cv−12667

Honorable Thomas M. Durkin

The Partnerships and Unincorporated Associations Identified in Schedule A

    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, November 12, 2025:

    MINUTE entry before the Honorable Thomas M. Durkin: The motion for a temporary restraining order, including a temporary injunction, a temporary asset restraint, expedited discovery, and alternative service [11] is granted in part and denied in part. The motion is granted in that the Court will enter a temporary injunction and permit Plaintiff to serve Defendants by alternative means. The motion is denied without prejudice in three respects. First, the Court will not enter an asset restraint at this stage. Plaintiff alleges that Defendants use copyrighted photographs of Plaintiff's product to confuse consumers into buying Defendants' products thinking that they are Plaintiff's. As Plaintiff acknowledges, it is only entitled to Defendants' profits that are "attributable" to the infringement. *See Bell v. Taylor,* 827 F.3d 699, 710 (7th Cir. 2016) (a plaintiff has the burden to show "a causal nexus between the infringement and the gross revenues&quo;t;). But Plaintiff does not explain how the profits from the sale of products that do not themselves infringe on any of the copyrights at issue are attributable to the use of the copyrighted photographs. The Seventh Circuit has expressed skepticism regarding whether a plaintiff can ever show a causal nexus between copyright infringement and the sale of non−infringing goods. *See Eagle Servs. Corp. v. H2O Indus. Servs., Inc.,* 532 F.3d 620, 623 (7th Cir. 2008) ("It is doubtful that profits from the sale of noninfringing goods or services... can be attributed to a copyright infringement with enough confidence to support a judgment."); *see also Hong Kong Leyuzhen Tech. Co. Ltd. v. Schedule A,* No. 25−cv−05945, Dkt. 21 (N.D. Ill.) (denying asset restraint because the sale of clothing was tangential to the unauthorized use of photos of the clothing that formed the basis of the copyright claim); *Zhao v. BABIQIU,* No. 23 C 4507, 2025 WL 36213, at \*79 (N.D. Ill. Jan. 6, 2025) (plaintiff did not show that profits from defendants' fire extinguisher sales were directly attributable to the use of her video in the product listings). Plaintiff may renew its motion for an asset restraint explaining why such a restraint is appropriate in this case in light of the aforementioned case authority. Second, the Court will not permit expedited discovery because that request is limited to the discovery of financial accounts in order to freeze them, and the Court is denying the request for an asset restraint. Third, Plaintiff's request for a $10,000 bond is denied. Plaintiff seeks a temporary restraining order against 18 defendants. See R. 9−2

(amended Schedule A). The Court presumptively requires a bond of $1,000 per defendant in multi−defendant infringement cases. The asserted "strong and unequivocal nature of Plaintiff's evidence of infringement" does not make an $18,000 bond inappropriate. Plaintiff is to submit a revised proposed temporary restraining order consistent with this order. Mailed notice. (ecw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.